# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICHARD E. GARABRANDT,**

    **Plaintiff,**

v.

**LINTON D. LEWIS, et al.,**

    **Defendants.**

Case No. 2:18-cv-93
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff Richard E. Garabrandt's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 10). Plaintiff seeks relief from the Court's April 23, 2018 Opinion and Order (ECF No. 9) in which the Court denied Plaintiff's request for reconsideration of its March 9, 2018 Opinion and Order.

**A.**     **Rule 60(b) Motion**

Under Rule 60(b), "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). Because the Court has not entered a final order in this matter, Plaintiff cannot rely on Rule 60(b). *See Consolidation Coal Co. v. U.S. Dep't of Interior*, 43 F. Supp. 2d 857, 862–63 (S.D. Ohio 1999). The Court therefore construes Plaintiff's Motion as a request for reconsideration of an interlocutory order.

The Court has discretion to reconsider an interlocutory order at any time. *See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945–46 (6th Cir. 2004). Plaintiff, however, has not articulated a valid basis for reconsideration. In his Motion, Plaintiff rehashes arguments that the Court considered, and rejected, in its earlier decisions. A motion for reconsideration is not a venue for "re-litigat[ing] issues previously considered." *Whatever it*

*Takes Transmission & Parts, Inc. v. Capital Core, Inc.*, No. 2:10-cv-72, 2014 WL 12653727, at *2 (S.D. Ohio Jan. 6, 2014) (quoting *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003)). Accordingly, the Court declines to reconsider its April 23, 2018 Opinion and Order (ECF No. 9) and **DENIES** Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 10).

**B.     Motion to Proceed in Forma Pauperis**

In her February 9, 2018 Order and Notice of Deficiency, the Magistrate Judge directed Plaintiff to submit within thirty days a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the case. (Feb. 9, 2018 Order at 2, ECF No. 2.) The Magistrate Judge explained that if Plaintiff failed to submit the requisite trust fund statement, the Court would assume that Plaintiff had decided not to pursue his case and would deny his request to proceed in forma pauperis. (*Id.*)

Plaintiff objected to the Magistrate Judge's Order. (Obj. at 1, ECF No. 4.) The Court overruled the objection. (Feb. 22, 2018 Op. & Order at 2, ECF No. 5.) Plaintiff then moved the Court to reconsider its decision. (*See* Mots. for Reconsideration at 1, ECF Nos. 6, 8.) The Court denied both of Plaintiff's requests for reconsideration. (Mar. 9, 2018 Op. & Order at 2, ECF No. 7; Apr. 23 Op. & Order at 2, ECF No. 9.) And in its April 23 Opinion and Order denying Plaintiff's second request for reconsideration, the Court directed Plaintiff to submit within fourteen days a certified copy of his prison trust fund account statement. (Apr. 23 Op. & Order at 2.) The Court warned that Plaintiff's failure to submit this statement would result in the Court denying his motion for leave to proceed in forma pauperis. (*Id.*)

More than fourteen days have passed, and Plaintiff has not submitted a certified copy of his prison trust fund account statement. Consequently, the Court **DENIES** Plaintiff's Motion to

2

Proceed Without Prepayment of Fees (In Forma Pauperis) (ECF No. 1). Plaintiff must pay the full $400 filing fee within **thirty (30) days** of the date of this Opinion and Order if he wants to continue prosecuting this case. If Plaintiff fails to pay the filing fee within thirty days, the Court will dismiss his case for failure to prosecute.

**IT IS SO ORDERED.**

5-29-2018
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**