# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICHARD E. GARABRANDT,**

    **Plaintiff,**

v.

**LINTON D. LEWIS, et al.,**

    **Defendants.**

Case No. 2:18-cv-93
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on Plaintiff Richard E. Garabrandt's Motion to Correct the Record and for Relief from the Court's May 29, 2018 Order (ECF No. 12). In its May 29 Order, the Court denied Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Motion to Proceed Without Prepayment of Fees (In Forma Pauperis). For the following reasons, Plaintiff's Motion to Correct the Record and for Relief is **GRANTED IN PART** and **DENIED IN PART**.

I.

**A.**    **Rule 60(a)**

Plaintiff asks the Court to correct the record under Federal Rule of Civil Procedure 60(a), which states, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Specifically, Plaintiff requests that "the clerical record [be] corrected to reflect that Plaintiff filed a[n] action pursuant to 42 U.S.C. [§] 1985 not 1983 as recorded." (Mot. at 1, ECF No. 12.) The Court **GRANTS** this request and will direct the Clerk to update the docket.

**B.     Rule 60(b)**

Under Rule 60(b), "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). Because the Court has not entered a final order in this matter, Plaintiff cannot rely on Rule 60(b). *See Consolidation Coal Co. v. U.S. Dep't of Interior*, 43 F. Supp. 2d 857, 862–63 (S.D. Ohio 1999). The Court therefore construes Plaintiff's Motion as a request for reconsideration of an interlocutory order. The Court has discretion to reconsider an interlocutory order at any time. *See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945–46 (6th Cir. 2004). But as explained below, Plaintiff has not articulated a valid basis for reconsideration.

Plaintiff argues that the Court erred in requiring him to submit a copy of his prison trust fund account statement under 28 U.S.C. § 1915(a)(2). (*See* Mot. at 1–2.) He suggests that he would only be subject to § 1915(a)(2)'s requirements if there was an "official state document" in the record indicating that he is a prisoner. (*Id.* at 1.) This is so, Plaintiff avers, because "[t]he law to be applied in any case is the law of the state." (*Id.*)

Plaintiff's assertion that he only need furnish a copy of his prison trust fund account statement if there is an "official state document" in the record is unfounded. Section 1915(a)(2) contains no such requirement. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff's assertion that "[t]he law to be applied in any case is the law of the state" is equally unfounded. A federal court deciding a state-law claim applies state law for all substantive issues and federal law for procedural issues. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938); *Range v. Douglas*, 763 F.3d 573, 580 (6th Cir. 2014). In cases brought under the United States Constitution or a federal statute, a federal court will apply only federal law. *See Erie*, 304 U.S. at 78 ("*Except in matters governed by the Federal Constitution or by acts of*

2

*Congress*, the law to be applied in any case is the law of the state." (emphasis added)). Here, Plaintiff brings his claim under a federal statute, so the Court applies federal law. (*See* Mot. at 1 (stating that "Plaintiff filed a[n] action pursuant to 42 U.S.C. [§] 1985").)

Plaintiff also argues that the Court lacks subject-matter jurisdiction over this case and that the Court therefore has no ability to deny his request to proceed in forma pauperis. (*See* Mot. at 2.) Plaintiff appears to ask that the Court throw out the proverbial baby with the bath water, as the Court would be required to dismiss Plaintiff's case if it lacked subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court need not further analyze the argument's logic though. Because Plaintiff brings this case under federal law, the Court has subject-matter jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Lastly, Plaintiff asserts that § 1915(a)(2)'s requirements do not apply when, as here, a plaintiff alleges that his conviction was obtained unconstitutionally. (*See* Mot. at 2.) Plaintiff is incorrect: § 1915(a)(2) does not contain an exception for prisoners who believe that they are wrongfully incarcerated. *See* 28 U.S.C. § 1915(a)(2).

Because Plaintiff has not articulated a valid basis for reconsideration, the Court **DENIES** his request for relief under Rule 60(b).

**II.**

For these reasons, Plaintiff's Motion to Correct the Record and for Relief from the Court's May 29, 2018 Order (ECF No. 12) is **GRANTED IN PART** and **DENIED IN PART**. The Court **DIRECTS** that the docket be updated to indicate that Plaintiff brings his case under 42 U.S.C. § 1985. And the Court reminds Plaintiff that he has through **June 28, 2018**, to pay the full $400 filing fee if he wants to continue prosecuting this case. (May 29, 2018 Op. & Order at

3, ECF No. 11.) The Court will dismiss this case for failure to prosecute if Plaintiff fails to pay the fee.

**IT IS SO ORDERED.**

_____6 -25-2018_____
**DATE**

_____
**EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE**