## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RICHARD E. GARABRANDT,**

           **Plaintiff,**

    **v.**

**LINTON D. LEWIS,** *et al.,*

           **Defendants.**

**Civil Action 2:18-cv-93**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

### OPINION AND ORDER

This matter is before the Court on Plaintiff Richard E. Garabrandt's Objection to the Court's June 25, 2018 Opinion and Order. (ECF No. 16.) In its June 25 Opinion and Order, the Court denied Plaintiff's Motion for Relief, declining to exercise its discretion to reconsider its May 29, 2018 Opinion and Order denying Plaintiff's Motions for Reconsideration and to Proceed *in Forma Pauperis.* (ECF No.14). For the following reasons, Plaintiff's Objection is **OVERRULED**, and this matter is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

### I.

**A.    Plaintiff's Objection**

In his Objection, Plaintiff asserts that the Court erred in denying his request for reconsideration of its June 25 Opinion and Order (ECF No. 16). Specifically, Plaintiff argues that the Court erred both in finding that he is a prisoner under 28 U.S.C. § 1915(h) and in applying federal substantive law.

The Court has discretion to reconsider interlocutory orders at any time. *See Leelanau Wine Cellars, Ltd. V. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004). Plaintiff, however, has identified no clear error of law, has presented no newly discovered evidence, has provided no intervening change in controlling law, and has not identified any manifest injustice. Accordingly, the Court will not exercise its discretion to reconsider the June 25 Opinion and Order. *See Philips v. Teamsters Local Union*, No. 3-:05-CV-292, 2007 WL 397011, at *1 (S.D. Ohio Jan. 31, 2007). Plaintiff's Objection is therefore **OVERRULED**. (ECF No. 16.)

## B.  Failure to Pay the Required Filing Fee

In its May 29, 2018 Opinion and Order (ECF No. 11), the Court denied Plaintiff's Motion to Proceed *in Forma Pauperis* and ordered Plaintiff to pay the full $400 filing fee within 30 days.[1] The Court specifically warned Plaintiff that failure to pay the filing fee would result in dismissal of this action for failure to prosecute. Additionally, in its June 25 Opinion and Order, the Court reminded Plaintiff that he had through June 28, 2018, to pay the filing fee, again cautioning that failure to pay would result in dismissal of this case. (ECF No. 11.)

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

---

[1] For the sake of brevity, the Court incorporates the litigation history of this case as described in the May 29, 2018 Opinion and Order (ECF No. 11).

Here, the Court specifically warned Plaintiff that failure to pay the requisite filing fee would result in the dismissal of his action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff, however, failed to pay the filing fee. The Court finds that Plaintiff's failure to comply with a clear order of the Court establishing a deadline constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order to submit a properly supported motion to proceed *in forma pauperis* motion or pay the filing fee within twenty days "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Accordingly, the Court **DISMISSES THIS ACTION WITHOUT PREJUDICE** pursuant to Rule 41(b).

## II.

For these reasons, Plaintiff's Objection as a Matter of Law to the Court's June 25, 2018 Opinion and Order (ECF No. 16) is **OVERRULED,** and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) for failure to pay the requisite filing fee. If Plaintiff re-files this action, he must identify this action as a related case.

**IT IS SO ORDERED.**

7-10 -2018
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**